# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TRAVIS HOLLOWELL,

   Petitioner,

v.                                           Civil Action No.:  SAG-22-394

RUTH COLEOURUNE,

   Respondent.

## MEMORANDUM ORDER

The above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was filed on February 15, 2022.  Petitioner Travis Hollowell did not pay the filing fee or submit a motion for leave to proceed in forma pauperis.  However, as the Petition must be dismissed, for the reasons stated below, Hollowell will not be required to correct this deficiency.

Hollowell claims he should not be detained for a violation of his probation because he was released to home detention on the new criminal charges which allegedly violated his probation.  ECF No. 1 at 1.  Hollowell states that his probation ended on December 19, 2021.  *Id.* at 6.

Hollowell is currently scheduled for a violation of probation hearing on May 6, 2022, in the Circuit Court for Wicomico County, Maryland in case C-22-CR-18-000306.  *See* https://casesearch.courts.state.md.us/casesearch/ (last visited February 23, 2022).  Hollowell is also awaiting trial in the same court in case C-22-CR-21-00474 on various burglary, theft, and destruction of property charges.  *See id.*

To the extent he seeks an Order requiring his release from detention, the claim is a matter of state law and must first be presented to the state court for review before federal habeas relief may be granted.  *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long

recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment).

Before filing a federal habeas petition, a petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). On the face of the Petition, Hollowell has yet to pursue the required appellate review, and therefore, the Petition will be dismissed without prejudice.

Accordingly, it is this 28th day of February, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus IS DISMISSED without prejudice;
2. The Clerk will MAIL a copy of the Memorandum Order to Hollowell; and
3. The Clerk will CLOSE this case.

                                                           /s/
                                          Stephanie A. Gallagher
                                          United States District Judge